FILED

2023 Jul-24  AM 11:49
U.S. DISTRICT COURT
N.D. OF ALABAMA

## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | | |
|---|---|---|
| **RANDY OMAR UNDERWOOD,** | } | |
| | } | |
| **Petitioner,** | } | |
| | } | |
| **v.** | } | **Case No.:  2:20-cv-8021-RDP** |
| | } | **(2:17-cr-154-RDP)** |
| **UNITED STATES OF AMERICA,** | } | |
| | } | |
| **Respondent.** | } | |

## <u>MEMORANDUM OPINION</u>

Before the court is Petitioner Randy Omar Underwood's ("Randy Miller" or Petitioner) Motion to Vacate. (Doc. 1). After careful review, and for the reasons discussed below, the motion is due to be denied.

### I.     Background

On March 31, 2017, Petitioner was indicted on the charge of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). Before his Indictment, Petitioner had been convicted in Jefferson County, Alabama of three felony offenses. Some of these convictions were sustained in the name of Randy Miller, who, according to fingerprint analysis, is the same person as Randy Underwood. (PSR p. 3). Petitioner was convicted of the following felony offenses: Youthful Offender (Unlawful Possession of Marijuana, 1st Degree), Unlawful Possession of Controlled Substance with Intent to Distribute, and Unlawful Possession of Controlled Substance. (PSR pp. 12, 21, 23).

Related to the first conviction, Petitioner's Youthful Offender felony charge for Unlawful Possession of Marijuana, 1st Degree, the Indictment charged that Petitioner possessed marijuana

for other than personal use. (PSR p. 13). This underlying offense occurred on August 17, 2010. Police officers placed Petitioner under arrest for disorderly conduct and, when searched, officers found six small bags of a green leafy substance on Petitioner. (PSR p. 13). Petitioner was placed on eighteen months probation and ordered to pay fines and costs. (PSR p. 12).

Petitioner's second felony charge, for Unlawful Possession with Intent to Distribute, occurred on November 26, 2014. (PSR p. 22). The charging document alleged that Petitioner unlawfully possessed with intent to distribute a controlled substance by knowingly possessing more than two grams but less than four grams of morphine, opium, or any salt, isomer, or salt of an isomer, including heroin. (PSR pp. 22–23). On July 10, 2015, Petitioner pled guilty and signed and reviewed the explanation of rights and plea of guilty. (PSR p. 21; Doc. 3–1 pp. 2–4). On August 14, 2015, Petitioner was sentenced to sixty months custody with a split sentence: twenty four months to serve, thirty six months suspended, and twenty four months probation. (PSR. 21).

Petitioner's third felony charge, for Unlawful Possession of Controlled Substance, occurred on April 21, 2015. (PSR p. 24). The charging document alleged that Petitioner unlawfully possessed a substance and/or tablets containing cocaine, carisoprodol, and hydrocodone bitartrate. (PSR p. 24). On July 17, 2015, Petitioner pled guilty and signed and reviewed the explanation of rights and plea of guilty. (PSR p. 23; Doc. 3–2 pp. 2–4). Petitioner was sentenced to sixty months custody, split sentence, twenty four months to serve, thirty six months suspended, followed by twenty four months' probation. (PSR p. 23).

After those three prior convictions, on December 4, 2015, Petitioner was spotted by Officers Smith and McKinstry, who were patrolling the 7500 block of Georgia Road in Birmingham. (PSR p. 5). Petitioner was alone and sitting behind the wheel of a Chrysler 330. (*Id*.). Officer Smith was aware that Petitioner was wanted on a misdemeanor warrant for Disorderly

Conduct. (*Id.*). The officers pulled in front of Petitioner's vehicle, stopped, and got out. (*Id.*). Petitioner attempted to leave but was unable to do so because of the manner in which the officers had positioned their vehicle. (*Id.*).

Officer McKinstry ordered Petitioner to exit the vehicle and get on the ground. As Petitioner complied, Officer Smith observed Petitioner attempting to swallow a small clear plastic bag containing white pills. (*Id.*). Officer Smith was able to retrieve the bag from Petitioner's mouth. (*Id.*). Petitioner was handcuffed and searched. Police discovered $550 on Petitioner. (*Id.*). Petitioner's car was then inventoried. (*Id.*). Law enforcement found a plastic bag on the backseat holding: (1) a digital scale; (2) three plastic bags of marijuana having a combined gross weight of 107 grams; (3) several smaller bags containing other suspected narcotics including heroin, Soma, and alprazolam; (4) and a bag of hydrocodone. (*Id.* p. 5–6). Further inventory revealed a loaded pistol in the driver's side door pocket. (*Id.* p. 6). The pistol was a Sig Sauer .380 caliber that was reported stolen to Hoover, Alabama, Police Department on July 2, 2015. (*Id.* p. 6).

The March 2017 Grand Jury returned a one-count Indictment against Petitioner. (CR – Doc. 1)[1]. Count 1 charged that, on or about December 4, 2015, in Jefferson County, Alabama, Petitioner unlawfully possessed a firearm, a Sig Sauer .380 caliber pistol after having been convicted of felony offenses. (CR – Doc. 1).

On January 31, 2018, Petitioner pled guilty to being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). (CR – Doc. 1, p. 1). There is no plea agreement in this case; rather, Petitioner entered a blind plea. (CR – Doc. 3, p. 2). On October 1, 2018, Petitioner was sentenced to serve a custodial term of 120 months. (CR – Doc. 27 p. 2).

---

[1] CR indicates documents filed in Petitioner's criminal case record.

In explaining the elements of the crime to Petitioner at his plea hearing, this district court stated:

> What I want to do next is make sure and go over with you the charge that has been made against you in this case and I want to make sure you understand the charge and also understand what the government would have to prove in order to convict you of the charge.
>
> Count One of the indictment charges you with the offense of violating Title 18, United States Code, Section 922(g)(1). That makes it a felony offense for someone who has previously been convicted of a felony to be in possession of a firearm.
>
> Before you could be found guilty of that charge, however, the government would have to prove the following facts to the jury beyond a reasonable doubt:
>
> First, that you knowingly possessed the firearm and that the firearm was in or affecting interstate commerce. That means the firearm crossed over state lines before you possessed it. The government is not required to prove that you knew it crossed over the line, only that it actually did so.
>
> And second, the government would have to prove that before you were in possession of the firearm, you had been convicted of a felony offense, that is a crime punishable by imprisonment for more than one year.

(CR – Doc. 30, Underwood Plea Tr., pp. 8–9).

Following sentencing, Petitioner did not appeal. (Doc. 1, p. 2). On June 6, 2020, Petitioner timely filed this motion seeking to vacate his 18 U.S.C. § 922(g)(1) conviction. (Doc. 1).

## II.    Standard of Review

Section 2255 authorizes a federal prisoner to move the court of conviction to vacate, set aside, or correct his sentence on the ground that the sentence was imposed in violation of the Constitution or laws of the United States. 28 U.S.C. § 2255(a). Such a motion is subject to heightened pleading requirements which mandate that the motion must specify all the grounds of relief and state the facts supporting each ground. *See* Rules 2(b)(1) & (2), Rules Governing § 2255 Proceedings, *see also McFarland v. Scott*, 512 U.S. 849, 856 (1994). When a § 2255 motion is filed, it is subject to preliminary review, at which time the court is authorized to dismiss the motion

summarily "[i]f it plainly appears from the motion, any attached exhibits, and the record of the prior proceedings that the moving party is not entitled to relief." Rule 4(b), Rules Governing § 2255 Proceedings. A § 2255 movant is not entitled to a hearing or post-conviction relief when his petition fails to state a cognizable claim. *See Lynn v. United States*, 365 F.3d 1225, 12239 (11th Cir. 2005); *Caderno v. United States*, 256 F.3d 1213, 1217 (11th Cir. 2001). Similarly, a § 2255 petition may not contain only conclusory allegations unsupported by specifics or contentions that in the face of the record are wholly incredible. *Id.*

### III.   Discussion

Under § 922(g)(1), it is unlawful for any person who has been convicted of a felony to possess a firearm. Before *Rehaif*, the Government was required to prove only that: (1) the defendant was "previously convicted of an offense punishable by a term of imprisonment exceeding one year," (2) the defendant "knowingly possessed a firearm," and (3) the firearm "was in or affecting interstate commerce." *United States v. Palma*, 511 F.3d 1311, 1315 (11th Cir. 2008); *see United States v. Deleveaux*, 205 F.3d 1292, 1297 (11th Cir. 2000). In *Rehaif*, the Court extended the knowledge requirement; the Government must prove that the defendant "knew he belonged to the relevant category of persons barred from possessing a firearm" at the time of possession. 139 S. Ct. 2191, 2200 (2019).

Petitioner brings his Motion (Doc. 1) pursuant to *Rehaif*, arguing that (1) his guilty plea "was not freely and voluntarily made" because the court did not inform Petitioner of the nature of the 922(g)(1) charge, (Doc. 1, p. 9); (2) that *Rehaif* is retroactive to apply to his § 2255 motion, (Doc. 1, p. 15); (3) he is actually innocent; and lastly (4) his conviction is due to be overturned because of the court's structural error. (Doc. 1, p. 17). In its response (Doc. 3), the Government argues that Petitioner's Motion is due to be denied because (1) Petitioner is procedurally barred,

(Doc. 3, p. 8); and, in any event, (2) Petitioner cannot establish that he is actually innocent as required by *Bousley v. United States*, 523 U.S. 614, 622 (1998).

### A.    *Rehaif* applies Retroactively to Petitioner's § 2255 Motion.

The court first addresses whether *Rehaif* applies retroactively to Petitioner's § 2255 motion. This was recently an issue of first impression decided by the Eleventh Circuit. That court had previously analyzed *Rehaif* in the context of a second or successive § 2255 motion but had yet done so for an initial § 2255 motion. *See Seabrooks v. United States*, 32 F.4th 1375, 1382 (11th Cir. 2022). In *Seabrooks*, the court held "that the new rule of law articulated in *Rehaif* applied retroactively to an *initial* petition." 32 F.4th at 1383. Therefore, because the current motion is Petitioner's initial § 2255 motion, *Rehaif* applies retroactively in the instant case. (Doc. 1, p. 2). *See Seabrooks*, 32 F.4th at 1383.

### B.    Petitioner is Procedurally Defaulted From Bringing His § 2255 Claim Unless He Meets an Exception Under *Bousley*.

Petitioner argues that his guilty plea was not given freely and voluntarily because the district court did not fully inform Petitioner that he must have known he was a felon when he possessed the firearm at issue. (Doc. 1, p. 10). The Government argues, however, that because the fourth element prescribed in *Rehaif* did not exist when Petitioner pled guilty, the district court could not have advised Petitioner of this element. (Doc. 3, p. 5). The court agrees.

There was no possibility for the court to advise Petitioner of the fourth element -- that Petitioner must have known he was a felon at the time of possession -- because the fourth element did not yet exist. *Rehaif* was decided on June 21, 2019. Petitioner entered a guilty plea January 31, 2018, and he was sentenced on October 1, 2018. (Doc. 1, p. 1; CR – Doc. 27, p. 2); *Rehaif*, 139 S. Ct. at 2191. Petitioner himself notes that, "[o]bviously, because this fourth element did not exist

when Underwood pleaded guilty, the district court did not advise the defendant of that knowledge of his disqualifying status was an essential element of the crime." (Doc. 8, p. 3).

Further, the Government argues that Petitioner has procedurally defaulted on his § 2255 motion because he never raised a *Rehaif* claim either at his plea, at his sentencing, or on direct appeal. (Doc. 3, p. 8). "Under the procedural default rule, a defendant generally must advance an available challenge to a criminal conviction or sentence on direct appeal or else the defendant is barred from presenting that claim in a § 2255 proceeding." *Lynn*, 365 F.3d at 1234; *Black v. United States*, 373 F.3d 1140, 1142 (11th Cir. 2004).

However, as the Eleventh Circuit has recognized, there are two exceptions to the procedural default rule prescribed in *Lynn*. A § 2255 petitioner is not procedurally barred if he can show either (1) cause for not raising the claim or error on direct appeal and prejudice, or (2) that he is "actually innocent." *See Bousley*, 523 U.S. at 622.

In the instant case, the procedural default rules applies because Petitioner did not object at his plea or sentencing hearings to his status as a felon, nor did he file an appeal. (Doc. 3, p. 8; Doc. 1, pp. 1–2). Petitioner presents this argument for the first time in this § 2255 motion. Consequently, he is procedurally barred from asserting this claim unless one of the two exceptions laid out in *Bousley* applies here. After careful review, the court concludes that Petitioner cannot make such a showing.

### 1.  Petitioner Cannot Establish Cause and Prejudice For Failing to Raise the Claim Earlier

Petitioner did not attempt to show cause or prejudice in his initial motion. However, in his reply brief Petitioner argued, "[a]t the time of Underwood[']s plea, the Eleventh Circuit held that knowledge of felon status was not an element of the offense, therefore since it is now, cause and prejudice has been shown." (Doc. 8, p. 4).

### a.      Petitioner Cannot Establish Cause

A habeas petitioner is required to present specific factual assertions to substantiate each claim in a § 2255 motion. *Borden v. Allen*, 646 F.3d 785, 810 (11th Cir. 2011). Further, "cause excusing the procedural default must result from some objective factor external to the defense that prevented the prisoner from raising the claim and which cannot be fairly attributable to his own conduct." *McCoy v. Newsome*, 953 F.2d 1252, 1258 (11th Cir. 1992). For example, petitioner may demonstrate cause where a "claim is so novel that its legal basis is not reasonably available. . . " *Bousley*, 523 U.S. at 622–23.

While *Rehaif* was decided after Petitioner's guilty plea and sentencing, a "*Rehaif* [argument] was not 'truly novel' in the sense necessary to excuse procedural default." *United States v. Innocent*, 977 F.3d 1077, 1084 (11th Cir. 2020). Petitioner has presented no evidence -- and there is no evidence in the record -- to support such a claim.

### b.      Petitioner Cannot Establish Prejudice

Even if Petitioner could establish cause, he cannot meet the prejudice standard. To establish prejudice, a petitioner must show "that the error worked to his 'actual and substantial disadvantage,' not merely [that there was] 'the possibility of prejudice.'" *Carlyle v. United States*, 836 F. App'x 780, 783 (11th Cir. 2020) (quoting *United States v. Bane*, 948 F.3d 1290, 1297 (11th Cir. 2020)). As explained further below, the record contains overwhelming evidence that Petitioner had knowledge of his status as a convicted felon under § 922(g)(1). Further, there is no evidence in the record to suggest that Petitioner would not have decided to plead guilty had he known the Government had to prove he knew he was a felon.

Petitioner had a criminal record that included three felony convictions. (PSR pp. 12, 21, 23). For two of these convictions, Petitioner was sentenced to sixty months' custody, split twenty-four months to serve with thirty six months suspended followed by twenty-four months' probation. (PSR pp. 21, 23). That is, he was twice sentenced to serve for more than one year in prison. Moreover, the Indictment in this case listed Petitioner's prior felony convictions and he admitted at his plea hearing that he was a convicted felon on the day he possessed the firearm. Petitioner's presentence report detailed his prior criminal history, including his felony convictions, and Petitioner did not object. In two of Petitioner's felony cases, Petitioner signed documents acknowledging the charges and potential sentences. (Doc. 3–1; Doc. 3–2). Lastly, Petitioner presented no evidence that a reasonable juror would not have convicted him of being a felon, an essential element in establishing actual innocence. *Schulp*, 513 U.S. at 327.

Petitioner argues that he "did not know he fell into one of the categories of persons to whom the offense applies," because "he was never sentenced to a year or more in prison, therefore he did not 'know' his pas[t] crimes were punishable by a year or more." (Doc. 1, p. 17). In the face of the record, this argument is wholly incredible, Petitioner's contention conflicts with his own admissions that he was a felon. In sum, based on Petitioner's own admissions and experiences, Petitioner cannot show that a reasonable juror could have found that he was unaware that he belonged to the class of persons prohibited from possessing a firearm. *See Schlup*, 513 U.S. at 327–328.

### 2.      Petitioner Cannot Establish Actual Innocence

Next, Petitioner argues that he is "actually innocent of violating 922(g)," because he did not know he was a felon. (Doc. 1, p. 17). More specifically, Petitioner alleged he did not know his past crimes were punishable by a sentence of one year or more. (Doc. 1, p. 17).

For the same reasons that Petitioner cannot show that he was prejudiced by any failure to instruct him about the *Rehaif* element, he cannot show he is "actually innocent." The record leaves no doubt whatsoever that Petitioner was (1) a felon, (2) in possession of a firearm (3) who knew he was a felon before he possessed the firearm.

The actual innocence exception allows a habeas petitioner to avoid application of the procedural default bar by showing "a constitutional violation has probably resulted in the conviction of one who is actually innocent." *Lynn*, 365 F.3d at 1234. Further, the Supreme Court has held that "actual innocence means factual innocence, not mere legal insufficiency." *Bousley*, 523 U.S. at 615; *McKay v. United States*, 657 F.3d 1190, 1197 (11th Cir. 2011).

To be "actually innocent" under *Rehaif*, Petitioner would have had to be unaware that he was a felon at the time he possessed a firearm. *Hatcher v. United States*, No.: 2:19-CV-8053-RDP; 2:10-CR-195-RDP, 2022 U.S. Dist. LEXIS 173923, at *6 (N.D. Ala. 2022). However, "most people convicted of a felony know that they are felons." *United States v. Innocent*, 977 F.3d 1077, 1082 (11th Cir. 2020). Further, "someone who has been convicted of felonies repeatedly is especially likely to know he is a felon." *Id.* To establish actual innocence, a petitioner must show by a preponderance of the evidence that "no reasonable juror would have convicted him in the light of the new evidence." *Schlup v. Delo*, 513 U.S. 298, 327 (1995).

Because Petitioner is unable to demonstrate cause and prejudice or actual innocence, Petitioner does not meet one of the exceptions set out in *Bousley*. Therefore, he is procedurally defaulted from asserting *Rehaif* as a basis for his § 2255 motion.

**C.      The Court Did Not Commit Structural Error.**

Petitioner argues that his conviction is due to be vacated because the court's failure to advise him of the fourth 922(g) *Rehaif* element resulted in a structural error requiring automatic reversal. (Doc. 1, p. 13). But that argument falls flat because the Eleventh Circuit does not consider *Rehaif* errors to be structural and instead reviews *Rehaif*-based challenges for plain error. *See, e.g.*, *United States v. Scott*, 828 F. App'x 568, 571 (11th Cir. 2020); *United States v. Bates*, 960 F.3d 1278, 1296 (11th Cir. 2020).

"To establish plain error, a defendant must show there is (1) error, (2) that is plain, and (3) that affects substantial rights." *United States v. Moriarty*, 429 F.3d 1012, 1019 (11th Cir. 2005). "For the third prong of plain-error review, the defendant ordinarily must show a reasonable probability that, absent the error, the outcome of the proceeding would have been different." *Scott*, 828 F. App'x at 572. "In the guilty-plea context, that means showing 'a reasonable probability that, but for the error, he would not have entered the plea.'" *Id.* (quoting *United States v. Dominguez Benitez*, 542 U.S. 74, 83 (2004)).

As the Government argues, any purported *Rehaif* error was not structural and did not affect Petitioner's substantial rights. (Doc. 3, p. 13–14). Petitioner has failed to establish a "reasonable probability that, but for the error he would not have entered a guilty plea." (Doc. 3, p. 13); *Dominguez Benitez*, 542 U.S. at 83. As explained above, despite Petitioner's contentions that he was not aware since "he was never sentenced to a year or more in prison," the record provides undisputed evidence that Petitioner knew he was a felon when he possessed the firearm. (Doc. 1, p. 17). Petitioner was, in fact, sentenced to a year or more in prison on two occasions. And previous guilty pleas signed by Petitioner for the past felony charges indicate that he was aware of his felony status. (Doc. 3–1, p. 2; Doc. 3–2, p. 2). It is wholly implausible that Petitioner was not aware of

his felony status. Therefore, Petitioner cannot establish a reasonable probability that his plea would have been different but for the alleged *Rehaif* error. Any alleged error would not have affected Petitioner's substantial rights.

**IV.     Conclusion**

For the reasons explained above, Petitioner is not entitled to relief under § 2255. Therefore, Petitioner's Motion to Vacate is due to be denied. A separate order will be entered.

**DONE** and **ORDERED** this July 24, 2023.

_____
**R. DAVID PROCTOR**
UNITED STATES DISTRICT JUDGE